# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal Case No. 08-00018-2 |
| Plaintiff, | |
| vs. | **ORDER RE: SEVERANCE OF TRIAL** |
| **MARK ANTHONY BARTOLOME**, | |
| Defendant. | |

This case is before the court on the Government's objections to the Order by the United States Magistrate Judge directing that the charges against Defendant be tried in two separate proceedings: one for Counts I-III (Conspiracy to Smuggle Bulk Cash Out of the United States, Bulk Cash Smuggling Out of the United States, and Forfeiture Allegation), and another for Count IV (Importation of Methamphetamine Hydrochloride). *See* Docket Nos. 68, 76. On the basis of the parties' arguments and presented authorities, the court hereby **SUSTAINS** the Government's objections.

## I.        FACTUAL BACKGROUND

On the morning of February 28, 2008, Ernesto P. Verdera and Defendant Mark A. Bartolome, traveling together, arrived at Guam's A.B. Won Pat International Airport to board a Philippine Airlines flight that was scheduled to depart Guam at 6:00 a.m. and was destined for Manila, Philippines. *See* Docket No. 76 at 2:21-24. Upon inspecting their baggage, authorities discovered a large amount of bundled cash, later valued at $810,631. *See id*. at 2:24-3:13; 4:19-21. Authorities also discovered "[d]rug paraphernalia and methamphetamine hydrochloride, packaged in two small plastic bags and with an aggregate weight of 1.33 grams." *Id*. at 3:13-14.

During subsequent questioning, Defendant Bartolome stated that he smokes methamphetamine and that he had placed "about a gram" of the drug in the baggage, for his personal use. *Id*. at 4:14-16.

## II. PROCEDURAL BACKGROUND

On February 28, 2008, the Government filed a complaint charging both Ernesto P. Verdera and Defendant Mark A. Bartolome with the offense of Bulk Cash Smuggling Out of the United States, in violation of 31 U.S.C. § 5332. *See* Docket No. 1. The complaint also contained a Forfeiture Allegation seeking surrender of the cash involved in the offense.

On March 5, 2008, the grand jury returned an indictment, charging both Ernesto P. Verdera and Defendant Mark A. Bartolome with the same offense contained in the Complaint. *See* Docket No. 13.

On April 22, 2008, Verdera moved Magistrate Judge Joaquin V.E. Manibusan, Jr., to sever his trial from that of Defendant Bartolome. *See* Docket No. 29. Verdera argued that Defendant Bartolome's oral statements, which the Government intended to introduce at the trial through the agent who had interviewed Defendant Bartolome, would prejudice him, as he would not be able to confront and cross-examine his non-testifying then-co-defendant. Thus, Verdera contended that severance was proper under *Bruton v. United States*, 391 U.S. 123 (1968).

On May 1, 2008, the grand jury returned a superseding indictment, charging both defendants with: Conspiracy to Smuggle Bulk Cash Out of the United States (Count I); Bulk Cash Smuggling Out of the United States (Count II); and Forfeiture Allegation (Count III). *See* Docket No. 34. There was also a charge of Importation Methamphetamine Hydrochloride (Count IV), leveled only against Defendant Bartolome.

On April 28, 2008, the Government opposed Verderda's motion. *See* Docket No. 31. The Government argued that severance was not required because it could sufficiently protect Verdera's Sixth Amendment rights by a combination of redactions and limiting instructions.

On May 5, 2008, Verdera filed his reply brief. *See* Docket No. 44. In addition to dealing with the *Bruton* issue, Verdera argued for severance of the new methamphetamine hydrochloride

importation charge leveled against Defendant Bartolome, because the evidence to be introduced as a result of that new charge would "spill over" to him and significantly prejudice him in the jury's eyes.

On May 9, 2008, Magistrate Judge Manibusan heard oral argument on the motion. *See* Docket No. 45. Defendant Bartolome had neither joined the motion to sever nor opposed it. Accordingly, his then-counsel, William Gavras, did not appear at the hearing. After some argument was presented, Magistrate Judge Manibusan continued the matter briefly to permit the Government to file a supplemental memorandum addressing Verdera's second argument regarding the spillover effect of Count IV. Also, Magistrate Judge Manibusan wanted to give the Government and Verdera an opportunity to meet and discuss possible redaction of Defendant Bartolome's statements.

On May 23, 2008, the Government filed its Supplemental Response (Docket No. 46) and Proposed Redactions to Bartolome's statements (Exhibit A thereto). On May 30, 2008, Verdera replied to the Government's response. *See* Docket No. 51.

On June 6, 2008, the parties again appeared before Magistrate Judge Manibusan. *See* Docket No. 53. At the judge's request, Mr. Gavras also attended the hearing on behalf of Defendant Bartolome. Magistrate Judge Manibusan stated that the court was concerned that the redactions proposed by the Government and Verdera might interfere with Mr. Gavras's defense of Defendant Bartolome, specifically Defendant Bartolome's ability to cross examine the agent about the statements allegedly made by him. At counsel's request, Magistrate Judge Manibusan continued the matter once again to permit Defendant Bartolome to file a brief on the matter and to permit the Government a response to Defendant Bartolome's filing.

On June 16, 2008, Defendant Bartolome filed an objection to the Government's proposed redactions. *See* Docket No. 54. Thus, his argument concerned only the *Bruton* issue. On June 23, 2008, the Government filed a response to Defendant Bartolome's objection. *See* Docket No. 59. Magistrate Judge Manibusan heard final argument from the parties on June 25, 2008.

On July 2, 2008, Magistrate Judge Manibusan granted Verdera's motion in its entirety.

- 3 -

Case 1:08-cr-00018   Document 194   Filed 04/17/09   Page 3 of 6

1  *See* Docket No. 68.  As such, the one trial became three trials: (1) a trial for Verdera on Counts I-
2  III; (2) a trial for Defendant Bartolome on Counts I-III; and (3) a trial for Defendant Bartolome
3  on Count IV.
4        On August 1, 2008, the United States filed objections to Magistrate Judge Manibusan's
5  order.  *See* Docket No. 76.  However, these objections address *only* the severance of Defendant
6  Bartolome's trial on Count IV from his trial on Counts I-III.  The United States did not object to
7  the ordering of separate trials for the two Defendants.
8        On December 19, 2008, Defendant Bartolome filed a response to the objections of the
9  United States.  *See* Docket No. 87.
10        On January 22, 2009, the court heard argument on the propriety of the severance of the
11  counts against Defendant Bartolome into two trials.  *See* Docket No. 94.
12        The court ordered further briefing on March 18, 2009.  *See* Docket No. 164.  The parties
13  filed their final briefs on the severance issue on March 27, 2009.  *See* Docket Nos. 166, 168.

## II. STANDARD OF REVIEW

A district judge may reconsider a Magistrate Judge's order on a non-dispositive pretrial motion if the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).  *See also* Fed. R. Civ. P. 72(a) (in reviewing a Magistrate Judge's order on a non-dispositive pretrial motion, district judge "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  Under this standard, the magistrate judge's order should be affirmed unless the district court is left with the "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r,* 979 F.2d 1369, 1370 (9th Cir. 1992).  Conversely, the reviewing court may not simply substitute its judgment for that of the deciding court. *Grimes v. City & County of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

## III. ANALYSIS

Rule 8(a) permits joinder of offenses in a single trial against a defendant, if the offenses charged in the indictment are: (1) "of the same or similar character;" (2) "based on the same act or transaction;" *or* (3) "connected with or constitut[ing] parts of a common scheme or plan."

Fed. R. Crim. P. 8(a). Rule 8 is "broadly construed in favor of initial joinder [of offenses]." *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (*quoting United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971)). Finally, when deciding the propriety of joinder, courts should look only to the allegations in the indictment. *Id*. at 572 (*quoting United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) *and citing United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995)).

Here, the Magistrate Judge clearly erred by applying these test factors (1) without setting forth the Ninth Circuit's background policy preference in favor of initial joinder of offenses, and (2) without looking to any cases construing the test factors. Essentially, the Magistrate Judge purported to analyze these test factors in an interpretive vacuum: the legal standards that Ninth Circuit courts have laid down to guide analysis of these factors are not cited in the order. Thus, there is no evidence that the factors were properly analyzed, indicating clear error.

For example, a leading Ninth Circuit case construing Rule 8's "same or similar character" test factor is *United States v. Fiorillo*, 186 F.3d 1136 (9th Cir. 1999). *Fiorillo* was based on an indictment charging wire fraud, violations of the Resource Conservation and Recovery Act ("RCRA"), and receiving Class A explosives without a permit. *Id*. at 1143. The Ninth Circuit affirmed the District Court's decision not to sever the explosives counts because

> the explosives and hazardous materials were both stored in the same warehouse, the discovery of the explosives led to the discovery of the hazardous materials, and both the explosives and the hazardous material were being stored without proper permits. All of these facts indicate that the explosives charges and the hazardous material charges were ***of similar character***, meeting the requirements of Rule 8(a). Additionally, at least three witnesses testified at the trial concerning both the explosives and the hazardous waste. The district court did not err in concluding that joinder of the charges was proper.

*Id*. at 1145 (emphasis added). Thus, *Fiorillo* establishes that the "same or similar character" test factor may be satisfied where the evidence underlying different charges was (1) stored and discovered in the same location; (2) similarly contraband (*i.e.*, held without a permit, or illegal); and (3) "overlapping" in the sense that the same witnesses will testify about it.

- 5 -

Had the Magistrate Judge discussed *Fiorillo* and then decided, in *Fiorillo*'s light, that Defendant Bartolome's offenses were not of "same or similar character," the court would be hard-pressed to find clear error (though it may have decided things differently on *de novo* review). Instead, the Magistrate Judge simply laid out the elements of the offenses and then decided, upon "comparison of [their] essential elements," that they were "not of the same or even similar character." Docket No. 68 at 4:23-5:22. This constitutes clear error in two ways. First, the decision appears legally unconstrained, because the Magistrate Judge did not cite *Fiorillo* (or any other case) in reaching it. Second, the comparison-of-elements method is inconsistent with *Fiorillo*, because that method would almost certainly have led to a different decision in that case—the essential elements of wire fraud and receiving Class A explosives being, naturally, unlike each other.

In short, the Magistrate Judge clearly erred by (1) making the decision without citing any applicable case law, and (2) reaching the decision upon reasoning apparently inconsistent with such case law.

## IV. CONCLUSION

Given the foregoing analysis, the Government's objection is **SUSTAINED**. Trial in this case is hereby set for 9:30 a.m. on Tuesday, April 28, 2009. The final pre-trial conference and hearing on all motions shall be held at 1:30 p.m. on Monday, April 27, 2009. All trial documents are due by 3:00 p.m. on Wednesday, April 22, 2009.

**SO ORDERED**.

/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: Apr 17, 2009**